

FILED

08/17/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: AF 11-0765

IN THE SUPREME COURT OF THE STATE OF MONTANA

AF 11-0765

FILED

AUG 17 2021

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ACCESS TO JUSTICE COMMISSION:
IN RE THE ADOPTION OF GUIDELINES FOR
ESTABLISHING PILOT INFORMAL
DOMESTIC RELATIONS TRIALS

O R D E R

The Montana Supreme Court Access to Justice (ATJ) Commission petitions this Court to authorize a pilot project with guidelines for district courts wishing to participate in informal domestic relations trials (IDRT) within their jurisdictions during the pilot. The petition is supported by facts that over the last decade, Montana courts have witnessed a growth in domestic relations cases; a large percentage of domestic relations cases filed in Montana's district courts involve at least one self-represented litigant; self-represented litigants experience difficulty navigating complex rules of civil procedure and evidence; and judges and litigants alike can experience stress, frustration, and delays.

In light of these challenges and as part of the ATJ Commission's ongoing efforts to increase access to justice and improve efficiency, in 2020 the Commission assembled the IDRT Working Group, a working group of district judges and others, to make a recommendation about the advisability of IDRTs in Montana. After learning about how IDRTs were operating in other states, the rules under which they are governed, and the reactions from judges, lawyers, and litigants, the IDRT Working Group recommended that the ATJ Commission request from this Court that district courts in Montana be allowed to pursue pilot IDRT projects in their jurisdictions under proposed guidelines.

The Commission has reviewed and approved the IDRT Working Group's proposal and now requests that the Court issue an order approving a pilot IDRT project for participating district courts, temporarily adopting the guidelines attached as Exhibit B to the

petition for use in such pilot IDRT projects. The Montana Judges Association supports the proposal.

Good cause appearing,

IT IS HEREBY ORDERED that a pilot informal domestic relations trial project is approved for participating district courts, temporarily adopting the guidelines attached to this Order.

IT IS FURTHER ORDERED that:

(1) Each district establishing a pilot informal domestic relations trial project shall notify the Court of the existence of the pilot;

(2) Each district establishing a pilot may submit a recommendation to this Court within 18 months from the issuance of the informal domestic relations trial order regarding the continuation, adaptation, or suspension of the pilot projects.

(3) Upon review of the recommendations, the Court will invite public comment and afford the Access to Justice Commission an opportunity to provide additional feedback from other interested stakeholders before the Court considers any proposal to adopt the program on a permanent basis or to rescind or supersede the Order;

(4) This Order shall remain in effect until the Court rescinds, amends, or otherwise takes action that supersedes the Order.

This Order and the attached guidelines will be published on this Court's website. In addition, the Clerk is directed to provide copies of this Order and the attached guidelines to: the State Bar of Montana, with the request that they be posted on the State Bar's website; the State Law Library; the members of the Access to Justice Commission; the Executive Director of the Montana Legal Services Association; the President of the University of Great Falls; and the Dean of the Alexander Blewett III School of Law.

DATED this 17 day of August, 2021.

_____
Chief Justice

2

_____

_____

_____

_____

_____

_____
Justices

## INFORMAL DOMESTIC RELATIONS TRIALS
## PILOT PROJECT GUIDELINES

(1) Upon the consent of both parties, informal domestic relations trials may be held to resolve some or all issues in original and modification actions for dissolution of marriage, parenting and visitation, child and medical support, declaration of invalidity of marriage, paternity, separation, grandparent-grandchild contact, and orders of protection brought under MCA Title 40, including interim proceedings.

(2) During an informal domestic relations trial, the court may admit any evidence that is relevant and material, despite the fact that such evidence might be inadmissible under formal rules of evidence, and the traditional format used to question witnesses at trial does not apply. In many cases, the only witnesses will be the parties. In the discretion of the court, other relevant witnesses may be called.

(3) The court may at any time offer the parties the option of electing an informal domestic relations trial. If the parties make that election, the court will explain the process and obtain their consent.

(4) The court may refuse to allow the parties to utilize the informal domestic relations trial process at any time and may direct that a case proceed in the traditional manner.

1

(5) The court may allow a party to withdraw from an informal domestic relations trial election as long as the other party would not be prejudiced by the withdrawal. The court will not allow a withdrawal of an election that has the effect of postponing the trial date absent a showing of good cause.

(6) Any evidence offered during an informal domestic relations trial initiated under these guidelines shall not be admissible in any other proceeding unless the court in the other proceeding determines the evidence meets the applicable rules of evidence.

(7) If an informal domestic relations trial converts to a formal proceeding, the court will determine the admissibility of evidence previously offered in the informal proceeding. The court may not rely on any evidence in a formal proceeding unless that evidence is admissible under the applicable rules of evidence.

(8) The court shall allow each party an opportunity to file any objections or motions on the admissibility or use of any evidence offered in an informal domestic relations trial before relying on that evidence in a formal proceeding.

(9) An informal domestic relations trial will proceed as follows:

(a) At the beginning of an informal domestic relations trial the parties will be asked to affirm that they understand the rules and procedures of the informal domestic relations trial process, they are consenting to this process freely and voluntarily,

and they have not been threatened or promised anything for agreeing to the informal domestic relations trial.

(b) The court may ask the parties or their lawyers for a brief summary of the issues.

(c) The moving party will be allowed to speak to the court under oath concerning all issues in dispute. The party is not questioned by the other party or any lawyers but may be questioned by the court to develop evidence required by any statute or rule or necessary in the court's discretion to address the matters at issue.

(d) The parties will not be subject to cross-examination. However, the court will ask the nonmoving party or their lawyer whether there are any other areas the party wishes the court to inquire about. The court will inquire into these areas if requested and if relevant to an issue to be decided by the court.

(e) The process in subsections (6)(c) and (6)(d) is then repeated for the other party.

(f) Expert reports will be received as exhibits. Upon the request of the court or either party, the expert will be sworn in and subjected to questioning by the parties, their lawyers, or the court.

(g) The court may receive any exhibits offered by the parties which are capable of being made a part of the record of the case. The court will determine the materiality, relevance, and what weight, if any, to give each exhibit. The court may order the record to be supplemented.

(h) The parties or their lawyers will then be offered the opportunity to respond briefly to the statements of the other party.

(i) The court will offer each party or the party's lawyer the opportunity to make a closing statement.

(j) At the conclusion of the case, the court shall render judgment. The court may take the matter under advisement, but best efforts will be made to issue prompt judgments.

(k) The court may modify these procedures as justice and fundamental fairness requires.

(10) A case proceeding as an informal domestic relations trial will be subject to the same pretrial procedures and orders of the court that apply to traditional cases. Parties seeking a dissolution proceeding under informal domestic relations trials are subject to the mandatory disclosure requirements of MCA § 40-4-252.

(11) The court's final judgment will have the same force and effect as if entered after a traditional trial and may be appealed or objected to on any grounds that do not rely on the rules of evidence.

4